IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

   vs.

                                    Criminal No. 19-219

MUSTAFA MOUSAB ALOWEMER,
               Defendant.



                          - - -


Transcript of proceedings on November 20, 2019 United States District Court, Pittsburgh, Pennsylvania, before Judge Marilyn J. Horan.



APPEARANCES:

   For the Government:    U.S. Attorney's Office
                          Soo C. Song, Esquire
                          U.S. Courthouse
                          700 Grant Street
                          Pittsburgh, Pennsylvania 15219

   For the Defendant:     Federal Public Defender
                          Andrew Lipson, Esquire
                          Khasha Attaran, Esquire
                          Sam Saylor, Esquire
                          1500 Liberty Center
                          1001 Liberty Avenue
                          Pittsburgh, Pennsylvania 15222

   Court Reporter:        Barbara Metz Leo, RMR, CRR
                          700 Grant Street
                          Suite 6260
                          Pittsburgh, Pennsylvania 15219

   Interpreters:          Mamdouh Allam
                          Fatima Abouabdalla



     Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

2

                    P R O C E E D I N G S

                        10:09 a.m.

       (In open court, Defendant present with counsel.)

            THE COURT:  Good morning.

            THE INTERPRETER:  Good morning, Your Honor.  Mamdouh
Allam as the interpreter.

            THE COURT:  Good morning.  I was just asking if we
had you on the phone.

            THE INTERPRETER:  I can hear you, Your Honor.

            THE COURT:  We are convened this morning in the case
of the United States of America versus Mustafa Alowemer at
19-219.  Will counsel please enter their appearance for the
record?

            MS. SONG:  Good morning, Your Honor.  Soo Song on
behalf of the United States.

            MR. LIPSON:  Morning, Your Honor.  Andrew Lipson from
the Federal Public Defender's Office on behalf of
Mr. Alowemer, and sitting behind me is also counsel to
Mr. Alowemer, Khasha Attaran and Sam Saylor, both assistant
FPDs with our office.  Also sitting at counsel table is Fatima
Abouabdalla, who has been a defense retained interpreter
during our communication with our client.

            THE COURT:  Very well.  Mr. Alowemer, good morning.

            THE DEFENDANT:  Good morning.

            THE COURT:  Initially we need to swear the

interpreter relative to today's proceedings.

(Interpreter sworn.)

THE COURT:  Mr. Alowemer, if at any time you don't understand something that's happening or you need us to slow down in any respect, just raise your hand, tell counsel, let us know.

At this time with regard to the status conference, we scheduled this at our last status conference so we can get a handle on where the case development is at, how discovery and communications have been proceeding so that we can chart proceedings moving forward at this time.  Counsel?

MS. SONG:  Morning, Your Honor.  Rule 16 is substantially complete.  It has progressed much more rapidly than we initially anticipated, given the sensitivity of a lot of the materials.

We have provided to defense counsel summaries and translations of in-person meetings and online communications and photographs and search warrant fruits, and I can tell the court, as of today, we are able to provide electronic evidence to defense counsel.

MR. LIPSON:  Your Honor, I apologize.  My client is having an issue with his headset or the interpretation.

THE COURT:  Let's resolve it.

MR. LIPSON:  The issue was that he wasn't getting feed through his headphones, but it now appears to have

4

corrected itself.  My apologies, Your Honor.

THE COURT:  Do we need to repeat anything?

MR. LIPSON:  I think it makes sense to repeat it, just in case.

THE COURT:  Very well.

MS. SONG:  Sure, Your Honor.  I had said that Rule 16 is substantially complete, and we are pleased it progressed more rapidly than we anticipated, given the national security aspect of the case.  Recognizing that discovery is ongoing, we expect that it will be complete within one or two more installments.  We've made eight installments to defense counsel to this point.

The materials that I described included in-person meetings, audio, online communications, translations and summaries of both photographs, search warrant fruits, and today I have provided to --

THE INTERPRETER:  Excuse me, Your Honor.  I need a little bit of time between the attorney and to translate, and she is going too fast for me.

THE COURT:  Thank you for pointing that out.  Do you need us to back up?

THE INTERPRETER:  If you will.

THE COURT:  Where do you need us to back up to?

THE INTERPRETER:  From the beginning would be better for the defendant, Your Honor.

THE COURT:  From the beginning.

MS. SONG:  Your Honor, Rule 16 is substantially complete.  It progressed much more rapidly than we anticipated, given the national security aspects of this case.  Recognizing that discovery is ongoing, we anticipate completing Rule 16 within one or two more installments.

Within the eight installments that have been provided to date to defense counsel, there was audio of meetings between Mr. Alowemer and FBI undercover, online communications, photographs, search warrant results, and as of today, electronic evidence, to include cell phones and a computer and SD card.  In conjunction with most of that material, FBI linguist's translations of Arabic have been included to defense counsel.

We remain in close communication with defense counsel, and where we have concerns, it's my perception we have been able to work them out, so I don't have concerns or problems to raise with the court about discovery today.

THE COURT:  Mr. Lipson?

MR. LIPSON:  Yes, Your Honor.  Your Honor, I largely agree with the government's recitation of where we are today.  There has been a regular rolling production from the government of evidence in this case.

We have hired a translator that is working -- that will be working to translate the Arabic communications that

are being produced by the government in this case.

Your Honor, as was stated at the previous status conference, I had represented to the court that it would take, at a minimum, six months for myself and Mr. Alowemer's defense team to go through the evidence and advise him as to the filing of pretrial motions. Your Honor, my position is still the same today as effectively how fast our translator is able to get through the Arabic communications in this case will largely determine how quickly we can review and advise our client about the nature of the government's evidence.

Your Honor, just today, it's my understanding that the government, in what would be the eighth installment of discovery in this case, is producing material from my client's cellular phone which will undoubtedly contain communications in Arabic with an assortment of people during the time relevant to the government's charges.

I don't know the volume or extent of what those communications might be and across what medium they might be, as in text, social media, e-mail, et cetera, but depending on the volume that we find in these materials, that will perhaps enlarge the time that it will take our translator that we've retained to go through those materials.

Effectively, sitting here today, we remain hopeful that we can translate, review, distill and advise our client regarding the evidence produced in this case by March 9, which

is the current pretrial motion deadline, but there is a very legitimate possibility, Your Honor, that as we get closer to that date, we may find that additional time is needed.

This case, Your Honor, presents certain difficulties in communication that really sets this case apart from the typical criminal matter before this court.

Mr. Alowemer is -- his first language is Arabic and he is -- although he can understand some English, given the very serious nature of the charges in this case, it is essential that we have everything that we say to him and write to him be translated into Arabic to ensure he understands everything we are saying.

At the same time, Mr. Alowemer is a very -- he is young.  He does not have familiarity with the criminal justice system here in the United States, and therefore, foundational knowledge about this process and how it works, what his role is in the process, what our role as his defense attorneys are in the process and even Your Honor's role in the process are things that need to be discussed and described to my client, and in many instances, numerous times.

He's essentially getting a lesson in civics about this country through the process of his prosecution.  As a result, Your Honor, advising him about the nature of defenses and strategy in this case has been more time consuming, in my experience, than the average case or defendant that I

represent in this courthouse, and for that reason, Your Honor, I would like to flag those issues for the court as we move forward in this case.

THE COURT:  Ms. Song, the materials that are being provided to defendant today in installment eight, are they translated as well by your linguist?

MS. SONG:  No.  The materials that are being provided today are effectively the images or the mirror copies of cell phones and the computer, so they have not been subject to translation, but I would note that the majority of the material that has been provided was already subjected to FBI linguist interpretation and translation.

THE COURT:  That has all been provided?

MS. SONG:  Correct.

THE COURT:  I don't expect the defense to rely exclusively on that.  I know your translations are going to want to confirm that and verify that, but I do believe getting them in a translated format gives you at least a good advance in terms of assessing and analyzing what their translators say the documents say, subject to confirmation or clarification from your translator.  I would presume you are doing that as well?

MR. LIPSON:  Yes, Your Honor.  The translated documents performed by the FBI translation service has given defense counsel and Mr. Alowemer an understanding of the

government's theory of their case, Your Honor.  However, as the court noted, we feel, in order to provide effective assistance, we cannot take the government's word on that.

THE COURT:  I understand that.  The court's expectation is that time will be used efficiently and effectively, and delay is not what the court's interested in in terms of moving this matter forward.  Everyone being adequately prepared is very important to the court as well, so we're going to find a balance there moving forward.

MR. LIPSON:  Thank you, Your Honor.

THE COURT:  At this point in time, I did want to inquire, are there any matters of the Classified Information Procedures Act or protocols that need to be addressed today?

MS. SONG:  Your Honor, they don't need to be addressed in open court.  If there arises a need, we'll work through the classified information security officer that the court appointed.

THE COURT:  Understood.  Are there any clearances that will be necessary or anticipated relative to the Classified Information Procedures Act?

MS. SONG:  We don't expect at this point, Your Honor, that defense counsel will need to be cleared for purposes of prosecution.

THE COURT:  Okay.  Well, at this point, we remain with the pretrial motions deadline date of March 9, 2020.  I'm

10

inclined to schedule another status conference at a point along the line just to make sure we are on track and moving in that direction.  Do counsel have any suggestion on the timing for that?

MS. SONG:  Mr. Lipson and I conferred, Your Honor, frankly before you took the bench and thought perhaps in January would be a good time.

THE COURT:  That's what my thinking was as well. We'll coordinate a January date, and that will also be around coordinating the translation services as well, so I'm not going to arbitrarily pick a date today.  We'll make that schedule once we've coordinated with the translating service.

MR. LIPSON:  Understood.

THE COURT:  Is there anything else the court can do relative to serving anyone today?

MS. SONG:  No, Your Honor.  Thank you.

MR. LIPSON:  Not on behalf of Mr. Alowemer.

THE COURT:  Very well.  We'll get a scheduling date out as soon as we can.  Thank you.

(At 10:25 a.m., the proceedings were adjourned.)

11

C E R T I F I C A T E

I, BARBARA METZ LEO, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.


_\s\ Barbara Metz Leo__                    ___12/19/2019___
BARBARA METZ LEO, RMR, CRR              Date of Certification
Official Court Reporter