1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

   vs.

                                     Criminal No. 19-219

MUSTAFA MOUSAB ALOWEMER,
              Defendant.



                             - - -


Transcript of proceedings on February 6, 2020 United States
District Court, Pittsburgh, Pennsylvania, before Judge
Marilyn J. Horan.



APPEARANCES:

  For the Government:    U.S. Attorney's Office
                          Soo C. Song, Esquire
                          U.S. Courthouse
                          700 Grant Street
                          Pittsburgh, Pennsylvania 15219

  For the Defendant:     Federal Public Defender
                          Andrew Lipson, Esquire
                          Sam Saylor, Esquire
                          1500 Liberty Center
                          1001 Liberty Avenue
                          Pittsburgh, Pennsylvania 15222

  Court Reporter:        Barbara Metz Leo, RMR, CRR
                          700 Grant Street
                          Suite 6260
                          Pittsburgh, Pennsylvania 15219

  Interpreter:           Attieh Ghada




     Proceedings recorded by mechanical stenography;
transcript produced by computer-aided transcription.

P R O C E E D I N G S

10:13 a.m.

(In open court, Defendant present with counsel.)

THE COURT:  Good morning.  We are convened this morning in the case of the United States of America versus Mustafa Mousab Alowemer at 19-219.

We have a status conference scheduled for today. Pretrial motions date presently by my notes are March 20, 2020.

Will counsel please enter their appearance for the record?

MS. SONG:  Good morning, Your Honor.  Soo Song on behalf of the United States.

MR. LIPSON:  Good morning, Your Honor.  Andrew Lipson from the Federal Public Defender's Office on behalf of Mr. Alowemer.

THE COURT:  Good morning.  Mr. Alowemer, good morning.

THE DEFENDANT:  Good morning.

THE COURT:  Counsel, where do we stand with regard to the development of this case and plans for moving forward?

MS. SONG:  Well, on behalf of the United States, Your Honor, we have made ten separate installments of discovery spanning from July of 2019 through January 30 of 2020.

As I described last time, the discovery includes

documents, photographs, audio and video recordings, results of the examination of electronic devices. We have worked rapidly to provide discovery to defense counsel, much of which had been formerly classified and was declassified to hand over to them, and we have attempted to respond to all of their questions and requests.

I can tell you that, from our perspective, communications have been open and frequent. We were last before the court on November 20. We met that day. We have met as well in person in December and then also had a phone conference in January.

While the case is not factually complex, we are aware that, given the nature of the evidence, which includes a lot of Arabic communications, that it has taken some time for defense counsel to get through it.

We don't anticipate significant installations of discovery at this point. I will note for the court, as I have noted to defense counsel, however, that it is an active investigation.

And if we did proceed to trial, Your Honor, just so the court is aware, and I have told defense counsel, there is the prospect of a superseding indictment if we get to that point, but at this point, Your Honor, we have substantially complied with Rule 16 and provided discovery to defense counsel.

4

THE COURT: And I've been reminded we do have an interpreter on the line, so I do have to ask Ms. Biggs to swear the interpreter for these proceedings. Ms. Biggs.

(Interpreter sworn.)

THE COURT: Mr. Lipson, do you want anything repeated following the administration of the oath?

MR. LIPSON: Your Honor, let me confer with my client just to make sure.

THE COURT: Very well.

(Defendant conferring with counsel.)

MR. LIPSON: No, Your Honor. I don't believe repeating is necessary.

THE COURT: Very well. Do you have a response concerning the government's presentation?

MR. LIPSON: Your Honor, no response necessarily. I would just like to add that defense counsel and the team are working diligently to go through the evidence, the ten installments of production that has been made by the government thus far.

There are a substantial amount of Arabic communications and records that we have to get through, Your Honor. There are, based on what we've received thus far, there is approximately 15,000 pages of discovery that have been produced. There's over 27 gigabytes of data separate and apart from that.

5

And Your Honor, on top of that, there are additional kinds of media that we have to get through.

We have retained consultants and experts to help us get through that, but I would not say that we are close to getting through the foreign language discovery in this case.

The current pretrial motion deadline in March, Your Honor, I believe is -- we will need more time, and I have conferred with counsel for the government and indicated that I intend, at least in March, to ask for 90 days, and that, in reality, what I really believe we will need is 180 days, Your Honor, to be able to get through this and to continue to consult with our client through an interpreter who is housed out in Mahoning County Jail.

And, Your Honor, I think that those are the -- some of the barriers that we are dealing with that makes this not a typical case that the court would see.  Between the age of my client, his primary language, his background and, Your Honor, the only thing that I would quibble with the government about its presentation is that this is not a factually complex case.

I think that there are different elements to how the government intends to prove this case which I believe how they intend to prove the case.  We have to run those down, and there's an investigation that spans a longer period of time than the standard investigation that the court might see, and

6

so those are some of the aspects that are, I think, making this case take a little longer than normal.

I can assure the court though that we are working on this case diligently.  We are in regular contact with counsel to the government.  We are in regular contact with my client certainly and we are pouring all the resources that we have into this case.

I can assure the court that my anticipated request for 90 days come March is not for any purposes of delay but what is absolutely needed in order to provide effective assistance of counsel to Mr. Alowemer.

THE COURT:  Anything further, Ms. Song?

MS. SONG:  Just given the level of engagement among counsel and our ability to speak proactively about any outstanding discovery requests, we would not oppose the 90 days.  I would oppose 180 days, Your Honor.

THE COURT:  180 days is going to be difficult to get, Mr. Lipson.  I would suggest all efforts and energy be put forth in the 90 days that you may ask for come March to facilitate your ability to complete the preparation of the matters necessary to make decisions on moving this case one way or another forward.

If you encounter a barrier that you need assistance with, if Mahoning County facilities are impairing your ability to be prepared, then you would probably file a motion letting

7

the court know that, but I'm inclined that when you file your motion in March, you'll be telling me the reasons why you are needing the 90 day extension, and I will be understanding of that.

MR. LIPSON:  Of course, Your Honor.

THE COURT:  If you are anticipating another motion to extend, that will be difficult, and I'm really going to be expecting significant explanation why, in the 120 days you have between now and then, and it appears that all of the information has been provided, why this case is not in a posture for a decision and movement at that time.  So just be making your plans in that regard.

MR. LIPSON:  I am on notice.

THE INTERPRETER:  Can you repeat the last part about the motion to extend beyond 120 or the period?

THE COURT:  Excuse me, ma'am.  I could not hear you. Could you raise your voice and then we'll try to accommodate what you need?

THE INTERPRETER:  I need the government attorney, if she can kindly repeat what she said the last few sentences about the motion coming in March.

THE COURT:  Okay.  Ms. Song, can you repeat what you had indicated in response to Mr. Lipson's representation of seeking the extensions?

MS. SONG:  Yes, Your Honor.

THE COURT: If you could speak loudly.

MS. SONG: I said, in essence, given the active and frequent communications with defense counsel, we would not oppose a 90 day continuance but we would oppose a 180 day continuance.

THE COURT: I'm speaking to the interpreter now. Do you need anything else repeated, ma'am?

THE INTERPRETER: No. That's it, Your Honor.

THE COURT: Do we have anything else for today for the record?

MS. SONG: Your Honor, just to note as a housekeeping matter that the classified information security officer Joan Kennedy has retired and replacing her, who is accounted for in the court's order, is Matthew Mullery, so should the need arise, and I'm not aware it will, we will be working with Mr. Mullery and the court to address any of those issues.

THE COURT: Very well. As we sit here, the pretrial motions date presently is March 20, and we'll respond when the appropriate motion is filed, and I'm going to assume the government will have no objection to that request, but if the government should change their mind in the meantime, just alert my chambers accordingly.

Otherwise, when that motion comes in, I will review it carefully. I'll review the explanation, but I've already indicated my anticipation is at that time, I will be granting

the 90 day extension.

MS. SONG:  Thank you, Your Honor.

THE COURT:  Any questions?

MR. LIPSON:  No, Your Honor.  Thank you.

MS. SONG:  No, Your Honor.

THE COURT:  Thank you very much.  Have a good day.

(At 10:25 a.m., the proceedings were adjourned.)

C E R T I F I C A T E

I, BARBARA METZ LEO, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.


_\s\ Barbara Metz Leo__           ___02/25/2020___
BARBARA METZ LEO, RMR, CRR           Date of Certification
Official Court Reporter