IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

        vs.

                                    Criminal No. 19-219

MUSTAFA MOUSAB ALOWEMER,

            Defendant.
                            - - -


Transcript of Status Conference on Wednesday, September 23, 2020, in the United States District Court, Pittsburgh, Pennsylvania, before The Hon. Marilyn J. Horan, District Judge.



APPEARANCES:

For the Government:      Soo C. Song, Esquire
                        United States Attorney's Office
                        U.S. Courthouse
                        700 Grant Street, Suite 4000
                        Pittsburgh, Pennsylvania 15219


For the Defendant:      Andrew Lipson, Esquire
                        Office of the Federal Public Defender
                        1500 Liberty Center
                        1001 Liberty Avenue
                        Pittsburgh, Pennsylvania 15222


Court Reporter:         Sharon Siatkowski, RPR, CRR, CBC, CRI
                        700 Grant Street, Ste. 5300
                        Pittsburgh, Pennsylvania 15219




Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription

P R O C E E D I N G S

(1:39 p.m.)

(In open court via Zoom proceedings.)

THE CLERK:  Mr. Alowemer, if you wish to speak with your attorney privately, please just let me know.  I could put you and Mr. Lipson in a private breakout room that will not permit the rest of us to hear your conversation.

Otherwise, I just want to remind everyone else that we do have an interpreter present for this hearing.  I want everyone to please be mindful to speak slowly and clearly so he can interpret and to also pause frequently.

In addition, the parties who are not participating with this hearing, that would be visitors observing and members of the media, if you can please keep yourself on mute.

That's all I have, Your Honor.

THE COURT:  We are convened this afternoon in the United States of America vs. Mustafa Alowemer at 19-219.  We have a status conference today that has been scheduled by myself, the Court, in response to a motion for extension filed on behalf of the Defendant and a response filed on behalf of the Government.

We have a continuance of pretrial motions date through December 8, 2020.  I'm interested in knowing from the defense perspective what the plan is for moving forward regarding the completion of development of this case.

Mr. Lipson?

(No audio.)

THE COURT:  Mr. Lipson, you're on mute.

MR. LIPSON:  My apologies.  I know better than to check my mute status, Your Honor.  But thank you, Your Honor.

This is Andrew Lipson from the Federal Public Defender's Office on behalf of Mr. Alowemer.

I should note for the Court that attending this hearing is Mr. Alowemer's sister, Shahid, as well as members of the defense team, Melissa John, who is the primary investigator on our team, as well as Fatima Abdalla, who is our defense team interpreter.

Your Honor, to get to the heart of the Court's question, the plan is to continue at full speed as we have over the last six months operating in this new world order, so to speak, where we are essentially practicing defense in this case remotely.

Currently, Your Honor, we have five separate experts that we retained that are working with the defense team in separate areas, both that are assisting in a potential trial defense and also in our ongoing plea negotiations with the Government.

One of the experts, Your Honor, and I don't -- I'm not at liberty to go into too great a detail of who they are and the nature of their expertise, but that expert and the work that

they will be performing for the defense team will require to meet with Mr. Alowemer in person.

I discussed the retention to this expert with counsel so the Government is aware of what the approach and status of the use of this expert is in this case.  And frankly, Your Honor, the COVID-19 pandemic has frustrated, I guess, the progress at the speed of which the defense team has wanted to go.

That said, Your Honor, I will state, sitting here today, I'm cautiously optimistic that within this interim extension period we can achieve those in-person meetings that are necessary for that expert to perform their duties to the defense team by December 7th.  I am cautiously optimistic, Your Honor, in that it will depend a lot on things that are outside of my control.

I won't belabor the issue of the pandemic and these expert -- the expert, who is an out-of-state expert, as in they are not located -- they are not based in either Pennsylvania or Ohio, where defense counsel and the Defendant are currently located.  So having them travel to the region, coordinate meetings at Mahoning County Jail with my client, has presented certain difficulties, but we are moving forward to get those planned.

Without disclosing too much, Your Honor, I will note that the storm season that has gripped parts of this country has

affected this particular expert to be operating.  Their office had to close as a result of the storms which caused, I think, delays over the last 30 days.  But we're hopeful that we are past those times and we're moving forward with getting a meeting scheduled.

Your Honor, I believe I am cautiously optimistic that we'll get those meetings scheduled with our expert and Mr. Alowemer and we will be able to have that done, I'm hoping, by December 7th.  That said, the reports will then have to be drafted, reviewed, discussed with the expert, and our hope is to ultimately find out the best use of those reports once we have them in hand.

Ultimately, Your Honor, this case has been proceeding for 15 months, approximately, today.  Forty percent of that time has occurred during the COVID-19 pandemic.  And it was until recently, I would say in the last five to six weeks, Your Honor, that we were not able to have confidential video communications with Mr. Alowemer at Mahoning County Jail regarding our defense in this case.

But my reason for cautious optimism, however, is that through discussions with Mahoning County Jail we are able to now have confidential video communications with Mr. Alowemer.  It is not as foolproof as I believe the defense team would like.  And then sometimes there is not a room at the jail where the confidential communication can occur.  Sometimes there's a guard

right there next to him, in which case we can't really do what we meant to do on that given day.  But it has been, I would say, fairly reliable for the last five to six weeks.

While we are -- while I mentioned this one expert and the scheduling difficulties around that, we are in regular communications regularly meeting via Zoom with our other four experts.  We are having regular case meetings.  And I'm having regular communications with counsel and the Government about our progress and how we intend to move forward in this case.

I vowed to my case team and my supervisors that I would not let this last issue in any way hamper what we are working on in this case.  I am currently on paternity leave.  I've had the birth of a child, I guess it's four weeks ago yesterday.  And so although that has resulted in less sleep, that has not resulted in any less attention paid to this case.  And my email inbox and email sent box is a testament to that.

The December 7th date is a date where it is conceivable that Mr. Alowemer will know whether or not he intends to file pretrial services motions and move forward in a trial posture in this case or will be using a different avenue.

I do think and, you know, feel it's my duty of candor to the Court that on December 7th, in all likelihood, we will not be in that final position, at least the defense team, to advise Mr. Alowemer about his options and what we believe are the best course of action.

But I can represent to the Court that we are moving diligently forward and we are progressing this case on a daily basis, not just weekly or monthly or bimonthly.  I believe that we will be far closer to that decision on December 7th than we are here on September 23rd.

I think that that is probably my summary of how we are intending to move forward from today.

THE COURT:  Ms. Song, for the Government?

MS. SONG:  Yes, Your Honor.  As you know, COVID has caused unprecedented disruption in the criminal justice system. I think the Court is also aware that I have been urging both the Court and defense counsel to resolve this case as soon as we possibly can with the right of the public for a speedy trial and in the interests of Mr. Alowemer, frankly.

As the Court knows we have -- sorry.  I am pleased that, per Mr. Lipson, there is some anticipation for movement with respect to this expert and with communicating with his client because with a case this important and this essential, I think we all have to be flexible and adaptable and find ways to move the case even though we have COVID.

According to Mahoning County, defense counsel and/or his experts have always had the ability to go see this Defendant.  They never stopped attorney visits.  They have COVID very much under control within the facility.  Defense counsel could opt for contact or no-contact visits, that is, through

glass or a contact visit with the appropriate protective clothing; an expert would be permitted to do the same.

And my concern has been that, in the last several months, how do we break the impasse apparently with getting defense counsel and/or the experts to meet with the Defendant in person?  So I would just say to the Court, and to defense counsel I've said this -- we have had very open communication -- if the impasse does not break in the near term and the experts cannot have the apparent video connection that has been described --

THE INTERPRETER:  Counsel, repeat please.

MS. SONG:  If we can't make progress towards getting the experts to meet with Mr. Alowemer, I would urge the Court and defense counsel to let's find another solution.  Can we bring the Defendant to the courthouse, could we bring him to my office to get the access that's necessary through the expert?  I point out on behalf of the United States that we want to be flexible and adaptable and give the case its due.

I recognize that the Court has extended the pretrial motions date to December and I understand the justification behind that.  A positive has been the defense counsel and I have maintained very consistent communication.  I am concerned to hear defense counsel suggest that come December he, as I heard him, does not anticipate necessarily being able to tell the Court or the United States or his client, frankly, whether he

intends to proceed with a trial versus a negotiated resolution.

And finally, Your Honor, just to inform the Court, there are a few active aspects of this investigation.  I have communicated with defense counsel about what those may be.  And I represented when we were last together in February of this year that if we do proceed to trial, it's possible that the United States would be superseding the indictment to change or add to the charges.

That's it for me.

THE COURT:  Well, from the Court's perspective and the historical overview of the case, when we first convened defense indicated they needed six months to develop this case.  That was back in August of 2019.  There have been several requests for extensions in the interim and I have granted those each time, emphasizing the interests of the Defendant and the public in a speedy trial.

I'm fully cognizant of the complications and difficulties of the COVID pandemic and what has occurred as a result of that.  I'm disappointed that we've been in this pandemic circumstance since March and counsel has only six weeks ago been able to effectuate contact with his client.  And there's been no notification to the Court of any difficulty whatsoever.

I value and am cognizant of the need for counsel to communicate with his client, but I'm not comfortable that

counsel has taken all steps necessary to overcome the challenges and the opportunities that have been there for that contact and communication to have occurred throughout.  Substantial and significant resources are available and have been made available to timely and sufficiently develop this case.

At this point in time, I did extend the final extension, which is to the December 7th or 8th date.  I'm going to be scheduling this case for a status conference every 45 days between now and the pretrial motion date.  At each of those conferences, I'm going to expect a report as to the development and plan for further development of this case towards meeting a decision point by the December pretrial motion date.

If there are assets issues that prevent or hinder the further and prompt development of this case, the Court is available and willing to intercede to assure that the facility at issue responds to the needs of this case.

Are there any questions?

MS. SONG:  No, Your Honor.

MR. LIPSON:  Your Honor, on behalf of Mr. Alowemer, I want to be -- I don't want there to be anything on the record to suggest otherwise, I did say five or six weeks.  I just looked at my calendar.  I believe I see the first videoconference at the middle of July.  So to the extent that I said five or six weeks, it's probably closer to eight or nine weeks.  So I just wanted to be absolutely accurate about that.

The next thing, Your Honor, I would just say, of course we'll participate in any status conference that the Court sets and we'll provide whatever reports the Court requests. And we'll continue, in accordance with past representations, to be in regular contact with counsel of the Government.

I would ask the Court to remain -- to keep an open framework as to the December 7th date. I understand the Court set a final extension. And I believe between now and then we just -- there are -- we just don't know what will happen on a day-to-day basis. And I would ask the Court, although I remain cautiously optimistic, to, I guess, hear additional argument on that date.

THE COURT: Mr. Lipson, you've heard my words today. I am intending to stay by them. I would suggest you make all plans and schedule your time and your staff's time and all of your experts' time accordingly to meet that objective.

If for any reason there is insurmountable and totally explainable and justifiable reason that there needs to be an extension, you are going to have to present a very, very compelling reason to this Court as to why you have not -- you, your staff, and your experts have not given every opportunity and taken every moment between now and December 12th to prepare this case for decision.

Am I clear?

MR. LIPSON: Understood, Your Honor.

THE COURT:  Is there anything further?

MS. SONG:  No, Your Honor.

MR. LIPSON:  Not on behalf of Mr. Alowemer.

THE COURT:  We're adjourning.

I do want to congratulate you, Mr. Lipson, on your arrival.

We are adjourned.

(Proceedings concluded at 2:14 p.m.)

- - -

C E R T I F I C A T E

I, SHARON SIATKOWSKI, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Sharon Siatkowski
SHARON SIATKOWSKI, RPR, CRR, CBC, CRI
Official Court Reporter