IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA

            vs.                          Criminal Number 19-219

MUSTAFA MOUSAB ALOWEMER


                       - - - - -


Transcript of Proceedings held on August 10, 2021, in the
United States District Court, 700 Grant Street, Pittsburgh,
PA  15219, before the Honorable Marilyn J. Horan, United
States District Judge.


                       - - - - -


APPEARANCES:

  For the Government:    U.S. Attorney's Office
                         by Soo C. Song, Esq.


  For the Defendant:     Federal Public Defender's Office
                         by Andrew Lipson, Esq.

                       - - - - -

  Court Reporter:        Deborah Ann Betzler, RPR, FCRR
                         700 Grant Street
                         Suite 6260
                         Pittsburgh, PA  15219


                       - - - - -



     Proceedings recorded by mechanical stenography;
transcript produced by computer-aided transcription.

2

P R O C E E D I N G S

THE COURT:  Good afternoon.  We are convened in the matter of the United States of America vs. Mustafa Alowemer at 19-219.  Will counsel please enter their appearance.

MS. SONG:  Good afternoon, Your Honor.  Soo Song on behalf of the United States.

MR. LIPSON:  Good afternoon, Your Honor.  Andrew Lipson from the Federal Public Defender's Office on behalf of Mr. Alowemer.  And to my left is co-counsel on the case, Khasha Attaran.

THE COURT:  Good afternoon, all.  Today is the day for a status conference in the above matter.  At this time I'm interested in knowing the status of the development of this case and the plan for moving forward.  Mr. Lipson.

MR. LIPSON:  Great.  Thank you, Your Honor.  Your Honor, yesterday I filed a motion to extend the pretrial motion deadline from yesterday, August 9th, for 14 days, until August 23, 2021.  And that provides entree into explaining where we're at today.  Your Honor, on July 14th, despite -- defense counsel and counsel for the government have been in active and specific plea negotiations throughout the summer, which culminated in a plea offer being extended by the United States by letter dated July 14, 2021.

As the Court is aware, arrangements were made where defense counsel could meet with Mr. Alowemer in this courtroom

to kind of have an all-day session, Your Honor, to kind of go over aspects of the case and to discuss his options and help him make a decision about what he wants to do to move forward. That was on July 29th.  Thereafter, Your Honor, I have been in regular contact with counsel for the government.

The defense team has been in regular contact with Mr. Alowemer at Allegheny County Jail and has also been in regular contact with members of Mr. Alowemer's family.  For example, yesterday, just as an example, the defense team spoke with Mr. Alowemer in the morning and spoke with the family in the afternoon.

The status conference today has also been helpful. Myself and Mr. Attaran had a chance to meet with Mr. Alowemer for approximately an hour in person, and these meetings and these discussions are about the very specific plea offer.  I mean, they are about as specific and direct as possible. Mr. Alowemer understands what the plea offer is from the government today and understands most of the salient issues that relate to his case and any potential collateral consequences.

That said, on July 29th we were able to make and really go to the detail of the current plea offer and various points of law that are applicable here.  And the extension motion that I filed yesterday is to give Mr. Alowemer an additional two weeks, 13 days from today, to make a final decision about

4

whether or not he intends to file pretrial motions and move towards litigating this case and going to trial or accepting the current present offer from the United States.

And so that's where we're at today, Your Honor, and I believe these 13 days are very important.  I think that the issues in this case are very serious.  You know, from the defense perspective, there are serious sentencing guideline implications if he were to plead guilty pursuant to this plea agreement offer by the government.  By our calculation, his guidelines would be six and a half to eight years.  I know the government has a different calculation that would be substantially higher.

And, you know, I think there are -- and Mr. Alowemer is not a United States citizen, nor is he a permanent resident, so there are very real immigration consequences if he were to plead guilty in this case.  So with all of those different considerations in place and given the fact that we met with him on July 29th, I do believe, based on my discussions with my client, that an additional 13 days from today will be necessary for him to get the counsel that he needs from the defense team and to discuss these matters with his family, and I believe that that's all that will be needed.

THE COURT:  Thank you.

Miss Song.

MS. SONG:  Yes, Your Honor.  Just to expand upon the

record about July 29th, three agents from the FBI and the U.S. Attorney's Office, in the interest of justice and also as a professional courtesy, arranged to take custody of Mr. Alowemer to bring him here to this courtroom so that he could have face-to-face communications with his counsel; the first, apparently, in quite a while.

As the Court is the aware, the Court and Jamille made considerable inquiry and arrangements to assure that the necessary technology was available to them.  The original request or representation was maybe three to four hours; but just for the Court's information, in fact, Mr. Alowemer met in this courtroom with his attorneys until 4:00 that day.  So it was a significant investment of time by all with the goal of assuring that those critical discussions could take place.

To be honest, Your Honor, it was the aspiration of the United States that by today the case would be resolved one way or another.  But we are not opposing the additional 14 days based on the representations by Mr. Lipson as the Court has heard.  The Court obviously is not a party to any plea discussions; but, again, to expand upon the record, an original plea offer was sent to Mr. Lipson in May, and negotiations culminated in the signed formal offer that he referred to of July 14, 2021.

Previously this Court has stressed to Mr. Lipson the critical nature and the timing of the decision that Mr.

6

Alowemer needs to make, and it is the sincere hope of the United States that Mr. Alowemer himself appreciates that today.  Going forward, Your Honor, we will ask the Court to consider crime victims' rights.  The intended target congregation in this case, the Legacy International Worship Center, has a right by federal statute, the Crime Victims' Rights Act, 18, United States Code, Section 3771, to proceedings without unreasonable delay.

And we believe that further delay beyond these 14 days will be unreasonable, and we will be making that assertion to the Court.  In the event that Mr. Alowemer decides to enter a change of plea, as Mr. Lipson put in his writing -- the United States is available and very ready to proceed -- that we go on August 30th for any necessary proceedings.  That's all, Your Honor.  Thank you.

THE COURT:  Miss Biggs, what is 13 days from today?

THE CLERK:  That will be the 23rd, Your Honor, of August.

THE COURT:  23rd of August?

THE CLERK:  Yes.

THE COURT:  We are going to grant the motion for extension to August 23rd.  We will schedule an event on that date for receiving the change of plea colloquy or the filing of pretrial motions.  One or the other will happen on August 23rd.  Do we have a time for that on that date?  If

it's a hard day, I can be --

THE CLERK:  It's not.  I just have a question.

(The Judge and the clerk conferred.)

THE CLERK:  1:30, Your Honor.

THE COURT:  Yes, Mr. Lipson.

MR. LIPSON:  Your Honor, my apologies.  I will be unavailable and not in the City of Pittsburgh on August 23, 2021, which I had previously conveyed to counsel for the government and was the basis of the request that if a change of plea is appropriate based on Mr. Alowemer's decision by the 23rd, that the hearing, the change of plea hearing, be scheduled for the week of August 30th, when I will have returned back to the City of Pittsburgh.  This was --

THE COURT:  What's my schedule on the 30th?

THE CLERK:  The 30th, the afternoon would be available with Your Honor.

THE COURT:  We will schedule pretrial motion extension to August 23rd; and if a plea is going to be entered, the plea will be received and we have a plea time scheduled for August 30th at?

THE CLERK:  1:30, Your Honor.

THE COURT:  1:30.

Are there any questions on that?

MS. SONG:  No, Your Honor.  Thank you.

MR. LIPSON:  No, Your Honor.  Thank you.

8

THE COURT:  Very well.  Anything further for purposes of today?

THE INTERPRETER:  The date.

THE COURT:  I'm sorry.  Who's speaking?  Is it the interpreter?

THE CLERK:  The interpreter, Your Honor.

THE INTERPRETER:  Yes.  I did not get the date.  I got the time at 1:30, but I did not hear the date.

THE COURT:  The date will be August 30th.  That's a Monday?

THE CLERK:  Yes.

THE COURT:  Monday, August 30th, at 1:30 is the change of plea scheduled proceeding, if that is the direction we are going.  If it is not a plea arrangement, then pretrial motions will be filed no later than August 23rd.

THE INTERPRETER:  Thank you, Your Honor.

THE COURT:  Okay.  All right.  Anything further?

MS. SONG:  No, Your Honor.

MR. LIPSON:  Not on behalf of Mr. Alowemer.

THE COURT:  Very well.  We are adjourned.  Thank you.

(The above-captioned matter was concluded.)

- - - - -

C E R T I F I C A T E

I, DEBORAH ANN BETZLER, RPR, FCRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.


s\ Deborah Ann Betzler              08/31/2021
DEBORAH ANN BETZLER, RPR, FCRR     Date of Certification
Official Court Reporter