IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-219 |
| MUSTAFA MOUSAB ALOWEMER | |

**UNITED STATES' OPPOSITION TO DOWNWARD DEPARTURE AND VARIANCE**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Soo C. Song, Assistant United States Attorney for said district and submits this response in opposition to defendant Mustafa Alowemer's arguments for downward departure and variances in his Sentencing Memorandum, Doc. No. 136. The United States respectfully requests that this Court consider the following response together with additional evidence and argument that will be adduced at the sentencing hearing.

Defendant Alowemer seeks a downward departure on the basis of Diminished Capacity, U.S.S.G. § 5H1.3, and additional substantial variances because he may be deported due to a constellation of factors related to ISIS recruitment, and because of his conditions of confinement during the COVID-19 pandemic (utterly non-specific to his conditions versus other inmates). The United States intends to oppose each of these bases at the sentencing hearing.

To the extent that the defendant's own experts ascribe PTSD to a majority of recent Syrian refugees, which number in the millions, this Court should carefully consider whether that general diagnosis should serve as a valid basis for a reduction in sentence for all Syrian terrorism defendants, or other refugees fleeing disruptive conflict. Further, it could set a legal dangerous

1

precedent to reward ISIS recruits who develop and act upon specific violent plans to engage in violent terrorist acts with a downward variance because ISIS was effective in inspiring and motivating defendants, like Alowemer, to act upon their conceived plans for violence.

Generally speaking, the cases cited by the defendant in support of a departure on the basis of diminished capacity have no application to terrorism cases, and otherwise stand for the general proposition that a court may consider a defendant's mental health and mental state when assessing the basis for a variance. But the court should also consider whether that the offense involved actual violence or a serious threat of violence, as it did in the case of defendant Alowemer. See Hicks v. United States, 2017 WL 412644 (D.N.H. January 30, 2017).

The defendant cites United States v. Jimenez, 328 Fed. App'x 802, 804 (3d Cir. 2009), an unpublished opinion, in support of the proposition that a defendant's anticipated deportability status may warrant a downward variance under 18 U.S.C. § 3553(a). The Third Circuit has not specifically ruled on whether a court can grant a downward departure based on the deportability of the defendant[1] and to do so in this case would require the court to speculate regarding collateral

---

[1] In United States v. Marin-Castaneda, 134 F.3d 551 (3d Cir. 1998), the Third Circuit noted that other circuits had expressed "conflicting opinions as to whether a district court [could] depart downward based on an alien's eligibility for deportation." Id. at 554. The court decided that it did not need to decide that issue, because the defendant did not argue that his "deportability exacerbate[d] his sentence in any way." Id.

In DeJesus v. United States, 2008 WL 2945959 (D.N.J. July 30, 2008), the district court recognized that "the Third Circuit has not yet recognized a downward departure based on status as a deportable alien…" Id. at *6 N.13.

In United States v. Matadumas-Briceno, 78 Fed. App'x 837 (3d Cir. 2003), in an unpublished opinion, the Third Circuit upheld the district court's rejection of a downward departure for extraordinary family circumstances, including the defendant's likely deportation and permanent loss of custody of her children. Id. at 839. The district court acknowledged its authority to depart under U.S.S.G. §§ 5K2.0 and 5H1.6, considered the defendant's arguments, and rejected the departure.

consequences extraneous to this criminal case.  It is a fact-based analysis and involves standard weighing of competing factors.

While the defendant argues for departure or variance on the basis of his anticipated deportability, he has been granted opportunity since his arrival in the United States in 2016 to escape the dire conditions in Syria and attend school, work, and reside with significantly more safety and stability.  Notably, in United States v. Zheng, 27 F.4th 1239 (6th Cir. 2022), the Sixth Circuit observed that the fact that of a defendant's "abusing the privilege" of being "granted the benefit of entry to the country" could be a reason for the court to grant an upward variance.  Id. at 1243-44 (citations omitted).  This Court should carefully weigh the defendant's legal admission to the United States as a factor against the negative immigration consequences of his criminal offenses.

In United States v. Hercles, 947 F.3d 3 (1st Cir. 2020), the First Circuit held that, "[u]nder appropriate circumstances, a defendant's potential deportation may properly be considered as part of a broader assessment of his history and characteristics pursuant to section 3553(a)(1)," but, "[t]his is not to say that a sentencing court must always consider a defendant's potential deportation when fashioning an appropriate sentence." Id. at 9.

The defendant cites United States v. Thavaraja, 740 F.3d 253, (2d Cir. 2014), and acknowledges that the decision to depart from a Guideline sentence of 240 months to 108 months, was only "in part" because of the defendant's likely deportation.  In fact, the court noted that "many mitigating circumstances were presented," and that it considered a wide range of factors in that case.  Id. at 260.  The Third Circuit has made clear that district courts are free to give

deportation arguments as little or as much weight as the court deems appropriate.  See United States v. Perdomo, 298 Fed. App'x 185, 188 (3d Cir. 2008) (after noting that it had considered all of the arguments and evidence and conducting a full analysis under § 3553(a), the district court was under no obligation to specifically address the defendant's argument for a downward variance due to his immigration status); United States v. Rodriguez, 252 Fed. App'x 445, 447-48 (3d Cir. 2007) (the district court had discretion under § 3553(a) and it was not unreasonable for the court to "fail[] to reduce the sentence because [the defendant] also faces deportation."); United States v. Nealy, 450 Fed. App'x 132, 135 (3d Cir. 2011) (where the record made clear that the court considered the § 3553(a) factors it was not unreasonable to reject a downward variance for factors such as the defendant needing to care for her disabled child, her abusive relationship with her husband, her difficult childhood, and her deportation status); United States v. Salehi, 288 Fed. App'x 41, 44 (3d Cir. 2008) (affirming the sentence where the court weighed the defendant's advanced age, the severity of the sentence, and the fact that he faces deportation, but found these factors not to warrant a lower sentence); United States v. De Leon-Pineda, 843 Fed. App'x 459, 463 (3d Cir. 2021) (finding the sentence reasonable despite the court's rejection of mitigating factors, including the fact that the defendant faced deportation after serving his sentence);

## V.    Conclusion

For all of the reasons articulated above, in addition to argument and evidence that will be adduced at sentencing, the United States respectfully requests that this Court overrule the defendant's requests for departure and variance.

Respectfully submitted,

4

CINDY K. CHUNG
United States Attorney

/s/ Soo C. Song
SOO C. SONG
Assistant U. S. Attorney
Pittsburgh, PA
DC ID No. 457268