IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

vs.                          Criminal No. 19-219

MUSTAFA MOUSAB ALOWEMER

-----

Transcript of Status Conference held on Friday,
August 16, 2019, in the United States District Court,
700 Grant Street, Pittsburgh, PA  15219, before Honorable
Marilyn J. Horan, United States District Judge.

-----

APPEARANCES:

For the Government:    U.S. Attorney's Office
                       by Soo Song, Esq.


For the Defendant:     Federal Public Defender's Office
                       by Andrew Lipson, Esq., and
                       Khasha Attaran, Esq., and
                       Sam Saylor, Esq.


Court Reporter:        Noreen A. Re, RMR, CRR
                       700 Grant Street
                       Suite 5300
                       Pittsburgh, PA  15219




Proceedings recorded by mechanical stenography;
transcript produced by computer-aided transcription.

2

P R O C E E D I N G S

-----

IN CHAMBERS - DEFENDANT NOT PRESENT

-----

THE COURT:  Who's on first?

MS. SONG:  Sure.  Soo Song.

MR. LIPSON:  Andrew Lipson on behalf of Mr. Alowemer.

MR. SAYLOR:  Sam Saylor on behalf of Mr. Alowemer.

MR. ATTARAN:  Khasha Attaran on behalf of Mr. Alowemer.

THE COURT:  And you're on behalf of him in what capacity?

MR. SAYLOR:  Co-counsel.

MR. LIPSON:  We're all Assistant Federal Public Defenders.

THE COURT:  I'm still learning.  There's way more people here.

MR. LIPSON:  So am I, Your Honor.

THE COURT:  Okay.  Well, thanks for meeting with me. And we can meet with Mr. Alowemer as well, if everyone wants to, once we're done.  I just want to get ourselves on track status-wise with what I need to anticipate, what I need to be aware of and where everyone's anticipating the case going.

One question I do have is if there's any anticipation of any classified information that would involve or invoke the

Classified Information Procedures Act.

MS. SONG:  I think, Your Honor, in an abundance of caution, I intend to move the Court to appoint a classified information security officer.  I've already been in communication with her, and I'm aware she may have already corresponded with you.

THE COURT:  That's why I'm asking the question.

MS. SONG:  She's primed.  And as soon as possible after today, I'll file a motion to appoint her.  I think my hope is that we will be able to conduct this case with declassified discovery or information that was not classified in the first place.  But there's always the possibility, and so we should have her in place.

THE COURT:  Okay.

MS. SONG:  If there comes a time, if it's ripe, I will file the appropriate CIPA motions with the district court and notify defense counsel.

THE COURT:  And this will be my first time dealing with any of those procedures.  I've read the Act.  I've read everything.  And with everything in the case, I stand ready to meet or confer and just to keep on track to keep this going as smoothly and cleanly as possible.

So to the extent anyone sees a situation where I may be going in a direction because of my inexperience that I need to be redirected or alerted to anything, I really would

request counsel to feel free to speak up and let me know, because my goal in this case is to administer the cleanest and most efficient and effective process for the defense, as well as for the government, as we can.

And to let you all know, my general objectives are to make myself available and our resources available, to the extent necessary, to move this along as quickly and smoothly as possible, giving full deference to giving the defense the opportunity to get whatever they need or do whatever they need, but I am not generally of the mind that cases should park in any one position for any length of time.

What you need, you tell me.  You'll get it.  But I really don't want to let a lot of time go past.  I would like to keep the case moving.

MR. LIPSON:  Thank you, Your Honor.

THE COURT:  And in that regard, does anyone have any ideas of timeline or protocols or process you expect I need to be aware of going in?

MS. SONG:  I think that, given the nature of the charge and the nature of the evidence, discovery will proceed somewhat differently than the usual criminal case.  The protective order is very helpful.  And I've made some disclosures to defense counsel, but there is a lot that is yet to come.

And because it is a national security case, it's a

little bit more complicated to get it in a state that I can hand it over.  There is a production forthcoming.  I think we're talking days, not weeks, which will help accelerate the case.

MR. LIPSON:  Your Honor, since the inception of the case, both myself, my colleagues and counsel for the government, are in regular communications.  It's been quick moving at times and a lot to -- we've been moving on very limited time schedules, and we're meeting with our client regularly.  We've been both defending and working with the government to get discovery and move forward with the case expeditiously.

THE COURT:  Any estimates or ideas of timelines?  Just so that I can be on board.

MS. SONG:  We're on 45 days; right?

MR. LIPSON:  We're on the 45-day extension, I believe, which takes us out towards the middle of September.

THE COURT:  September 9th.

MR. LIPSON:  Your Honor, we have received two productions since the arraignment in this case.  My understanding is that because there is the whole CIPA issue and classified and protected information, but also because we're dealing with communications that need to be translated both by the government from Arabic to English, and then we intend to hire our own translation expert on all the materials

that we receive as well.

I do believe that puts this case in a different class of case than I certainly typically handle.  It is my first Arabic-speaking client and my first terrorism allegation client.  My best guess, Your Honor, is without knowing what the government's schedule is for production, I cannot see us having gotten a firm grip on all the discovery within six months.  And that's a preliminary assessment.

And I know that's a long time out, Your Honor, but with waiting for the discovery and then getting everything translated and meeting with them to understand what's in these documents that support the government's case, that's kind of my best guess right now.

THE COURT:  Miss Song?

MS. SONG:  My hope is that it will be six months at the outside.  I can assure the Court and counsel I'll do my best to make these productions, and then we'll just assess frequently.  The translation does consume more time than the usual case.

THE COURT:  I respect that.  And I have no problem. Six months does not offend me for what's needed in this case, for what's processing in the case.  Everyone needs to understand that moving that date is going to be difficult.  If we say six months and that's what we're doing, I expect everybody to be working in that direction so that by the time

the six months is up we're not looking at an anticipation of serial continuances or extensions being available without good explanation for why.

And I mean good explanation for why. I just want that to be clear. I don't see a need for continual extensions. If you're telling me six months and everyone is of the mind six months is what you need, unless there's a procedural rule why not, I'll give you six months. I don't think you need to keep filing your motions.

If you run into a problem or a difficulty, then you come back to me; and we'll see what we need to do. But, in the meantime, I sit back and say I expect you're doing what you need to do to move the case forward.

If you're ready in four months, that's just fine. Tell me. You come to me and tell me you're ready. But don't hesitate to come to me in six months and say you're not, unless there's a good reason.

MR. LIPSON: Your Honor, part of it is we don't know how much the government has in terms of discovery. And the other part of it is our client doesn't speak English that well. So any piece that we get, we have to sentence-by-sentence translate things and then him explaining and then that being translated back to English.

So not knowing how much the government has and knowing that it takes a lot of time, it's reasonable to say in

8

six months we're going to come back and say we need more time. Just so the Court is --

THE COURT:  What I'm saying to you is at that point in time I don't want to see evidence that you've all just started working on the case the month before.

MR. LIPSON:  Understood.

THE COURT:  If there is a legitimate situation, which would be "Your Honor, instead of a pick-up truck, we got a dump truck; and we have to deal with it," I understand.  And we'll deal with that.  If you want to file ongoing status reports of this is where we're at, this is what we think we're doing, you figure out whatever path you need to do to keep the Court informed that the case is being worked and the reason it's not done in this period of time is a legitimate reason. I am not unreasonable when it comes to the legitimacy of permitting a case to be developed to its appropriate and just resolution.

MR. LIPSON:  May I suggest that at five months the parties provide a joint status report on the status of discovery and whether or not we -- maybe a month before that six-month deadline to give the Court adequate notice of whether or not it's going to look like it's six months or if one or both of the parties are going to be seeking an additional extension.

MS. SONG:  Or we can get into a phone conference.

THE COURT:  Phone conference would be fine with me, but I'm saying three months out.  We can still do it again at five, but at three months I want to keep everyone to task.  And I am not one to let cases just keep extending out.  So I know that's a little maybe different, and you're not all familiar with where my orientation is.  And that's why I just want to make it real clear to everyone where I come from and how I run things in my prior career.

So I want to be fair.  I don't want anybody to be surprised.  If you have a problem, it's easy to get a status conference in here, get a phone conference.  Like I said, if a semi shows up instead of a dump truck, you can always say, "We got to call and give the judge a status on this, just so she knows."

We can do it in five minutes.  Just keep me posted.  I do watch the development as best I can from this perspective.  My focus is getting to a disposition at the proper time is the best thing we can do for the government in getting this matter resolved.  It's the best thing we can do for the defendant.  If it's a not guilty, he's going to get on with the rest of his life.  If it's a guilty disposition, one way or another he's going to get into an appropriate placement and appropriate programming that's best for him in the long run as opposed to sitting and waiting.

And that's my goal.  That's my only goal is to

provide for all of those interests to be served in the best way.  And whatever you need from me to do that, I'm at your service; and I will be available.

My goal has always been to be prepared.  So if you see a heads-up you need something, I need to get myself prepared, just please let me know.

MR. LIPSON:  Of course, Your Honor.

THE COURT:  Anything else?

MS. SONG:  No.  Thank you.

THE COURT:  Counsel, do you have any interest or do you know if your client has an interest in participating or having any summary of today's status conference?

MR. LIPSON:  I believe that he would like to participate.  I've kind of explained the relationship between the magistrate judges that he's been in front of and that you will be the presiding judge over his case.  So I think it would be helpful for him to kind of see you.

THE COURT:  That's perfectly fine.  Why don't we have him brought back up.  We'll convene in court, and we'll give him a summary of where we're seeing this at.  Your next motion to extend will be in relation to that September 9th date.  And at that point in your motion you can basically give me an idea of where you're at.

MR. LIPSON:  Will do.  And, Your Honor, what I've been accustomed to in my four and a half years at the Federal

Public Defender with other judges in this district is I'll file an extension on the day of the deadline.  Would you prefer that I do so ahead?

THE COURT:  Whatever works for you.

MR. LIPSON:  Okay.

THE COURT:  I don't think it's going to be my practice to say "I'm going to give you 30 days" and then in 30 days you do your motion and get it in again.  You tell me six months, and that's what we've talked about today.  That's what you're going to get.  If on the sixth month you come back and say, "I need X-number of months," it either has to be in the motion or we have to know from our various discussions and conferences where we're going with that date.

MR. LIPSON:  I understand.

THE COURT:  The first date is easy to get.  Beyond that, we need to make sure cases move.

MR. LIPSON:  Understood.

THE COURT:  I just don't want you to -- the time you spend on a motion to extend serially and the time we spend dealing with it and the clerk spends dealing with it you can spend working on the case.

MR. LIPSON:  Okay.

THE COURT:  Everyone's clear?  Okay.  Let's get convened in there, and we'll take care of it.  Thank you.

-----

12

IN OPEN COURT - DEFENDANT PRESENT

-----

THE COURT:  We're convened for a status conference in the case of the United States of America versus Mustafa Alowemer at 19-219.  Will counsel enter their appearance for the record.

MS. SONG:  Yes.  Good morning, Your Honor.  Soo Song on behalf of the United States.

MR. LIPSON:  Good morning, Your Honor.  Andrew Lipson from the Federal Public Defender's Office on behalf of Mr. Alowemer.

THE COURT:  Mr. Alowemer, good morning.

THE DEFENDANT:  Good morning.

THE COURT:  You may be seated.  Thank you.  We've convened with counsel in chambers briefly just to discuss the overview and plan a course moving forward for how this case is going to be developed.  It's my understanding there is a significant amount of discovery that has been exchanged and that is anticipated to be exchanged in the processing of this case.

Counsel have also advised that there is a lot of interpretational issues that impact the preparation of this case for further disposition.  In talking with counsel, we have arrived at an anticipation of an approximate six-month period where we think that's the timeline that will be

necessary in order to adequately prepare the record for decisions that need to be made in this case.

Should that occur in a more timely fashion to where you're in a position to move forward sooner, I am certainly amenable to counsel contacting the Court for us to move forward, once that preparation is done. Counsel are aware that if they need more time, they will be communicating with me. And we will provide for periodic status communications relative to the progress of discovery such that if additional time is necessary for legitimate reasons, we will be addressing that as we go along.

Mr. Alowemer, my objective for the disposition and development of your case from a judicial perspective is that this case get prepared as most efficiently as possible so that your team of defense counsel and yourself is in a fair position to assess, make preparations and decisions necessary to your case.

It is also my goal that the government will have the time and resources available to them, just as you, to most efficiently and effectively prepare this case so that we are fair to both the defense and the government in relation to this case.

Philosophically, this interim time of preparation for further decisions or further court action should not be unduly extended. You're in an interim period in your holding right

now.  And this timeline is really better spent by you, if there's a disposition of innocence, getting on with your life. If there's a disposition that results in guilt, in getting on with your programming and sentencing in that fashion.

Delays at this stage don't serve anyone's best interests.  But all time necessary will be afforded so that there's adequate preparation all around.  Counsel, are there any questions?

MS. SONG:  No, Your Honor.  Just a comment on behalf of the United States.  As is customary in a national security case, I will be moving the Court to appoint a classified information security officer.  And if the Court sees fit to grant that motion, we can proceed with that.

THE COURT:  We've discussed that, and I anticipate that.

MR. LIPSON:  Nothing on behalf of Mr. Alowemer.

THE COURT:  Very well.  Counsel, we will be issuing an order for a status by phone approximately three months from this date.  And counsel can contact the Court to coordinate that at a closer point in time.  And if counsel ever has a need to communicate with the Court by way of any status or issues, the Court is amenable and at your service in that regard.  Just make sure your communications are of a joint fashion.  Any questions?

MS. SONG:  No, Your Honor.  Thank you.

15

MR. LIPSON:  No, Your Honor.  Thank you.

THE COURT:  Thank you very much.  We're adjourned.

-----

(Whereupon, the above-captioned matter was concluded.)

-----

## C E R T I F I C A T E

I, NOREEN A. RE, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.


s\ Noreen A. Re                    December 14, 2022
NOREEN A. RE, RMR, CRR             Date of Certification
Official Court Reporter